_____



SO ORDERED,

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: January 29, 2019

The Order of the Court is set forth below. The docket reflects the date entered.
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **VC MACON, GA, LLC,** | **CASE NO. 18-04802-NPO** |
| **DEBTOR.** | **CHAPTER 11** |
| **BANKPLUS** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 19-00004-NPO** |
| **J.F. DAVIS** | **DEFENDANT** |

TO:    Craig M. Geno                         William H. Leech
       Counsel for Debtor & Defendant        Counsel for Plaintiff

### ORDER TO SHOW CAUSE

YOU ARE HEREBY ORDERED TO APPEAR on February 11, 2019, at 3:30 p.m., in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi 39201, to show cause why the above-referenced adversary proceeding (the "Adversary") should not be dismissed for lack of subject matter jurisdiction. The statute that governs the removal of state court actions to federal court, 28 U.S.C. § 1452, provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the

district where such civil action is pending." 28 U.S.C. § 1452(a). In *Morgan v. Bruce*, Civ. A. No. H87-0001(W), 1993 WL 786892, at *6 (S.D. Miss. Feb. 1, 1993), the U.S. District Court for the Southern District of Mississippi found that Congress intended for removal petitions to be filed with the District Court rather than the Bankruptcy Court and that the Bankruptcy Court acquires jurisdiction over a removed action only upon referral by the District Court under 28 U.S.C. § 157(a). Here, the debtor, VC Macon, GA, LLC (the "Debtor"), removed the case directly from the Circuit Court of Madison County, Mississippi to the U.S. Bankruptcy Court for the Southern District of Mississippi, and, moreover, the Debtor does not appear to be a named party in the state court action. (Adv. Dkt. 1). Until the Court resolves whether it has subject matter jurisdiction over the Adversary, the Court will not hear any matters or enter any orders in the Adversary.

##END OF ORDER##